UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| UNITED STATES OF AMERICA | ) | |
| --- | --- | --- |
| | ) | |
| v. | ) | Criminal No. 10-30021-MAP |
| | ) | |
| JAMES JUNE, | ) | |
| Defendant | ) | |

MEMORANDUM AND ORDER WITH REGARD TO DEFENDANT
JUNES'S MOTION FOR A BILL OF PARTICULARS AND DISCOVERY
ORDER (Document No. 107)
September 22, 2011

NEIMAN, U.S.M.J.

Presently before the court is James June ("Defendant")'s motion for a bill of particulars and for further discovery. With regard to the bill of particulars, Defendant seeks a range of facts with regard to paragraphs 6 through 12, 14, 15, and 17 of the superseding indictment. Defendant also seeks a broad range of discovery, the specifics of which are addressed below. For the reasons which follow, the court will allow Defendant's motion but in part only.

I. BACKGROUND

Defendant, one of three defendants, is charged in eleven of the twelve-count indictment. (See Superseding Indictment (Document No. 21).) In particular, Defendant is charged with conspiracy in violation of 18 U.S.C. § 371 (Count One), fraud and aiding and abetting in violation of 18 U.S.C. §§ 1343 and 2 (Counts Two through Six), bank fraud and aiding and abetting in violation of 18 U.S.C. §§ 344 and 2

(Counts Seven through Nine), and money laundering in violation of 18 U.S.C. § 1957 (Counts Eleven and Twelve).

## II. DISCUSSION

### A. Bill of Particulars

As both parties recognize, "[t]he purpose of a bill of particulars is to provide the accused with detail of the charges against him where necessary to enable him to prepare his defense, to avoid surprise at trial, and to protect against double jeopardy." *United States v. Paiva*, 892 F.2d 148, 154 (1st Cir. 1989). Moreover, the parties understand, trial courts enjoy broad discretion in ruling on such requests. *See Will v. United States*, 389 U.S. 90, 98 (1967).

Here, the Government asserts that the indictment is specific enough insofar as it alleges the duration of the conspiracy, the allegedly false information provided by Defendant, a list of specific wire communications sent in interstate commerce, and the time and place where the crimes allegedly took place. In addition, the Government maintains that it has made available to Defendant for inspection and copying all Rule 16 materials within its possession, custody and control, and has produced much of these materials in electronic format (along with a list of sources of all documents), an index of categories of documents not produced in electronic format, and copies of grand jury exhibits. Moreover, the Government asserts, it has since identified all unindicted co-conspirators and has produced the grand jury testimony of approximately four witnesses and reports of interviews with approximately eight witnesses, including co-conspirator James Foisy. In addition, the Government asserts, Defendant had not

inspected any of the paper documents as of August 9, 2011.

For the reasons set forth by the Government in its opposition, the court finds that, but for certain items, the questions raised by the motion with respect to a bill of particulars are not close. If anything, as a reading of his laundry list of particulars reveals, Defendant appears to be engaging more in discovery than proposed clarification. *See United States v. Wessels*, 12 F.3d 746, 750 (8th Cir. 1993)("bill of particulars . . . is not a proper tool for discovery"). It also appears that Defendant wants the Government to further organize the evidence despite the opportunity to undertake the task himself.

To be sure, in light of the voluminous discovery provided, the Government's "open file" approach does not entirely eliminate Defendant's need for particularization. Here, however, the Government, both in the indictment itself and the electronic and paper discovery provided, has given extensive guidance not evident in other cases. *Compare United States v. Bortnovsky*, 820 F.2d 572, 573-75 (2d Cir. 1987) (government did not fulfill its obligation to inform defendant of the charges "merely by providing mountains of documents to defense counsel who were left unguided as to which documents would be proven falsified or which of some fifteen burglaries would be demonstrated to be staged").

Nonetheless, there are several vagueries in the superseding indictment which either need a bill of particulars or a statement by the Government that the charges are limited to the specifics already provided. First, in Count One (conspiracy), paragraph 8 mentions ten lines of fraudulent credit orchestrated by Defendant at Bank of America in

3

West Springfield but, when using the phrase "not limited to," implies that there may have been other such lines of credit. The Government either needs to file a bill of particulars with regard to those other lines or indicate that the ten lines of credit specifically mentioned in paragraph 8 are the limits of Count One. The same is true of paragraph 11 wherein twenty-two real estate transactions are specified but "more than 100" are mentioned. In contrast, the wire fraud allegations in Counts Two through Six are quite specific, as are the bank fraud charges in Counts Seven through Nine and the money laundering charges in Counts Eleven and Twelve. Defendant is not free to ignore that specificity and must analyze the documents produced in light thereof.

B. Further Discovery

As best the court can gather from the discovery letters appended to his motion (Document No. 108) and from his supporting memoranda (Document Nos. 108 and 123), Defendant seeks (a) to have the Government designate materials it intends to use in its case-in-chief at trial, (b) statements of co-conspirators, (c) additional discovery regarding the contents and review by the lending institution of the allegedly fraudulent documents, (d) immediate disclosure of exculpatory information, and (e) enhanced expert disclosures. The court will address these matters *seriatim*.

1. Materials to be used in Government's case-in-chief

In seeking these materials, Defendant relies on Fed. R. Civ. P. 16(a)(1)(E)(ii), which require the Government, upon a defendant's request, to permit the defendant to inspect or copy documents within the Government's possession and "the government intends to us the item[s] in its case-in-chief at trial." The Government, in response,

4

relies on the somewhat more specific provisions of Local Rule 117.1 (A)(8)(b), which requires that, at least seven days before trial, it "[p]rovide the defendant with copies of the exhibits and a pre-marked list of the exhibits the government intends to offer in its case-in-chief."

The parties' arguments to the contrary, the court does not find these rules mutually exclusive. Indeed, in accord with the local rule, the Government is required to identify materials it will use in its case-in-chief. The only question concerns the timing of the disclosure, and it is well within the court's discretion to regulate that timing. *See United States v. Cannone*, 528 F.2d 296, 298 (2d Cir. 1975). Here, the court believes, that discretion is best exercised by Senior Judge Michael A. Ponsor; after all, Local Rule 117.1 - - which indicates that the designated documents be provided "at least seven (7) days before the trial date" - - governs matters to be addressed at the pretrial conference, which has not yet been held by him. In addition, to date the production of discovery by the Government has been extensive and, since the electronic discovery has been described as searchable, the court sees no need to require the Government, at this time, to pare down the documents it intends to use at trial. *See United States v. Causey*, 356 F.Supp.2d 681, 686-87 (S.D. Tex. 2005) ("The plain language of Rule 16 does not require the government to specify among the universe of discovery documents produced to defendants which documents it considers material to the defense or which documents it intends to use in its case-in-chief."). *See also United States v. Nachamie*, 91 F.Supp.2d 565, 570 (S.D.N.Y. 2000) (similar).

2. Statements of co-conspirators

5

Pursuant to Fed. R. Evid. 801(d)(2), Defendant seeks statements of co-conspirators which may be admissible against him as vicarious admissions. As the Government explains, however, the First Circuit has not yet addressed the issue, although it has acknowledged that other circuit courts of appeal "have held that co-conspirators' statements are not discoverable under Fed. R. Crim. P. 116(a)(1)(A)." *Corcoran v. United States*, 978 F.2d 1253 (1st Cir. 1992). It should be noted, however, that in other instances the Government has not disputed a defendant's entitlement "to pretrial disclosure of coconspirators' statements on the ground that such statements are defendants' statements under Fed. R. Crim. P. 16(a)(1)(A) or by attribution under Fed. R. Evid. 801 (d)(2)." *United States v. Turoff*, 701 F.Supp. 981, 992 (E.D.N.Y. 1988). *But see United States v. Place*, 2010 WL 2105829 (D.Mass May 24, 2010) (Rule 16(a)(1)(B) does not encompass statements made by co-conspirators). Here, too, the court believes that the discoverability and admissibility of such statements, if any, should be addressed at the pretrial conference by Judge Ponsor, at which time the Government may disclose whether or not it intends to offer such co-conspirators' statements into evidence. For the moment, however, the court declines to order such discovery.

### 3. Documents reviewed by lending institutions

Defendant seeks a laundry list of information related to the review of documents by certain lending institutions. Defendant asserts that the Government's expert disclosures suggests that it intends to try this matter without presenting the testimony of the individuals in the brokerage firms and lending institutions who actually reviewed

6

and evaluated the loan applications at the heart of the indictment, making the requested information all the more necessary for his review.

In response, the Government first asserts that, to the extent Defendant's motion is aimed at information in the possession of lending institutions or other third parties, those materials are not and should not be considered to be within its own possession, custody or control. Second, the Government asserts, it has no obligation to organize exculpatory information from documents it has already produced.

Defendant and the Government seem to be talking past one another. It also appears that Defendant has changed the target of his discovery request, first referring to discovery letters previously sent to the Government (rather than specifying the exact discovery he continues to seek) then indicating, in his reply memorandum that, in essence, he is seeking to have the Government identify the precise documents and statements alleged to be fraudulent so that he can also try to identify the brokers' and lenders' employees who processed these particular documents and interview them to determine whether he should present one or more defense witnesses on this issue. (Opp. (Document No. 123) at 3.)

To the extent Defendant is seeking exculpatory information, the Government has been and continues to be required to provide such information to him, even though it need not arrange the material in the particular way he might prefer. Under *Brady v. Maryland,* 373 U.S. 83 (1963), the Government has the obligation to analyze material within its possession and control and provide exculpatory information to a defendant. That is no less true here and, to the extent the Government has not yet fully analyzed

7

the material with *Brady* in mind, it shall do so.

In coming to this conclusion, the court is aware that, in light of Defendant's apparent plan to offer a defense based on the conduct of lenders, the Government assertedly conducted another review of witness interviews and testimony and produced additional documents, but that no exculpatory information was found therein. Nevertheless, as stated, the Government has an ongoing obligation to ensure that any and all exculpatory information is provided Defendant.

4. Further exculpatory information

With regard to Defendant's request for the immediate disclosure of other exculpatory information, the court will require the Government to obtain a signed copy of the Foisy proffer letter (perhaps in the hands of Foisy's attorney). Impeachment information shall be provided prior to trial in accord with Local Rule 116.2(B)(2).

5. Enhanced expert disclosures

Although the Government initially indicated to Defendant that certain employees of lending institutions were percipient rather than expert witnesses, it now appears from the Government's opposition to Defendant's motion that, except for the production of the qualifications of Candace Robertson, which is forthcoming, its disclosures avowedly comply with the requirements of the rule which govern expert witnesses, Fed. R. Crim. P. 16(a)(1)(G). Nonetheless, Defendant remains unsatisfied, arguing that, since no bank employees who actually handled the loans will be witnesses, he at least needs to know what documents were reviewed by the experts when coming to their conclusions. The court agrees. This may well be somewhat burdensome for the Government but, as

8

the Government itself has argued, the particulars of the indictment are, for the most part, precise enough to foreclose a bill of particulars and the electronic discovery is searchable. That being so, the Government shall refer Defendant to the documents it knows have been reviewed by its named experts.

### III. CONCLUSION

For the reasons stated, Defendant's motion for a bill of particulars is ALLOWED with respect to the particulars described above as to paragraphs 8 and 11 of the superseding indictment. As to Defendant's discovery requests, the motion is ALLOWED (I) to the extent the Government has an ongoing obligation to provide exculpatory material, (ii) with regard to the production of the Foisy proffer letter and Robertson's qualifications, and (iii) with respect to the Government's referring Defendant to documents it knows have been reviewed by its experts. In all other respects the motion is DENIED. The Government shall comply within fourteen days.

IT IS SO ORDERED.

DATED: September 22, 2011

       /s/ Kenneth P. Neiman
KENNETH P. NEIMAN
U.S. Magistrate Judge